IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

LAURA K. MAY,

    Plaintiff,

v.                                              Civil Action No.:   3:21cv702

VIRGINIA DEPARTMENT OF AGING AND REHABILITATIVE SERVICES,
    **SERVE:**    **The Honorable Mark R. Herring**
                     **Attorney General of the Commonwealth of Virginia**
                     **Office of the Attorney General**
                     **202 North Ninth Street**
                     **Richmond, VA  23219**

    Defendant.

**JURY TRIAL
DEMANDED**

## **COMPLAINT**

The plaintiff Laura K. May ("Ms. May"), by counsel, submits this Complaint against the defendant Virginia Department of Aging and Rehabilitative Services ("VDARS"), as follows:

<u>INTRODUCTION</u>

Ms. May brings this civil action seeking reinstatement and attorney's fees as VDARS dismissed her from employment and interfered with her rights to medical and family leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

<u>THE PARTIES</u>

1. Ms. May resides in Henrico County, Virginia. She is eligible for FMLA protection by having worked for VDARS for over 12 months prior to taking leave, and in excess of 1250 hours during those 12 months, pursuant to 29 U.S.C. § 2611(2)(A).

2. VDARS is a department of the Commonwealth of Virginia. Its offices are located at 800 Franklin Farms Drive, Henrico, VA 23229, in Henrico County, Virginia.

3. At all times during the events complained of herein, VDARS was an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2) (private right of action for interference with FMLA rights). Venue is proper in this District as the location of the parties and the events described herein.

## ALLEGATIONS

5. Ms. May began employment with VDARS on July 10, 2020. She was a Disability Analyst Trainee I, and she earned a salary of $40,000, plus benefits.

6. In August 2020, Ms. May was diagnosed with neuromyelitis optica, which is a central nervous system disorder that affects the eye nerves and spinal cord.

7. Ms. May receives regular treatment a neurologist. Thus, her condition also constitutes a "serious health condition" under the FMLA. "For purposes of FMLA, serious health condition entitling an employee to FMLA leave means an illness, injury, impairment or physical or mental condition that involves inpatient care . . . continuing treatment by a health care provider . . . ." 29 C.F.R. § 825.113.

8. On August 13, 2021, Ms. May's medical condition was exacerbated to the point that she told her supervisor, Laura Steeves, that she needed to apply for a medical leave of absence. Ms. May subsequently canceled this request at the suggestion of her supervisor.

9. On September 2, 2021, Ms. May experienced a significant deterioration of her condition and informed her supervisor, Laura Steeves, that if her condition worsened, she would

have to request medical leave. On September 8, 2021, she formally applied for medical leave and short-term disability with the Human Resources Department. Faye Dickerson, the VDARS Sickness and Disability Programs Administrator, sent Ms. May a letter that day acknowledging receipt of Ms. May's request for medical leave.

10. The next day, however, Ms. May was terminated by her manager, Elliot Duncan, purportedly for low production of closing disability claims cases. Ms. May called Ms. Dickerson for explanation since Ms. May should have been protected under the FMLA. Ms. Dickerson informed her that since she was a probationary employee and that her short-term disability had not been approved, she had no legal protection.

11. VDARS also insisted that it while it terminated Ms. May on September 8, 2021, it made the decision to do so on September 7, 2021.

12. It is immaterial that VDARS services had yet to approve Ms. May's request for short-term disability or that it had decided to terminate her on September 7, 2021. Ms. May applied for FMLA-protected leave on September 2, 2021. The FMLA specifically protects her from discharge or interference with the exercise of her rights. "An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act." 29 C.F.R. § 825.122 Interfering expressly includes discharging an employee for exercising their rights under the FMLA.

13. Furthermore, an employer's concern with an employee's leave status and medical condition need be only a motivating factor to establish liability in the termination. <u>Hester v. Bell-Textron, Inc</u>., No. 20-11140 (Aug. 23, 2021, 5th Cir.).

14. Ms. May refutes that she was fired for missing her production targets. The low production was a direct result of her disability, as she missed significant time from work. Other

claims analysts on her team with her same level of seniority also missed their production targets but were not terminated. The only reason that Ms. May remained on probation past her first year was due to absences related to her medical condition. Finally, Ms. May was praised for the quality of her work on an interim performance evaluation,

15. VDARS discriminated against Ms. May for needing to take leave for her medical condition, which interfered with the exercise of her rights to take a leave of absence for a serious medical condition, which leaves are protected from interference under the FMLA, 29 U.S.C. § 2615(a)(1).

16. As a direct result of being terminated, Ms. May was denied her opportunity to apply for employment-related short term disability benefits.

COUNT I
INTERFERENCE WITH EXERCISE OF FMLA RIGHTS
29 U.S.C. § 2615(a)(1)

17. By terminating her employment without justification for taking a medical leave of absence, as described herein, VDARS interfered with Ms. May's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

18. Ms. May's injuries under this Count entitle her under the FMLA, 29 U.S.C. § 2617(a), to (a) reinstatement and access to employment-related benefits including short-term disability benefits; (b) attorney's fees; and (c) costs of suit.

WHEREFORE, the plaintiff Laura K. May demands judgment against the defendant Virginia Department of Aging and Rehabilitative Services, reinstating her to her former position, access to employment-related benefits including short-term disability benefits, attorney's fees and further relief as this Court may deem just and proper.

**A trial by jury is demanded pursuant to Fed. R. Civ. P. 38.**

                                      Respectfully submitted,

                                      LAURA K. MAY

                                      By: */s/ Scott G. Crowley*
                                                Counsel

Scott Gregory Crowley (VSB # 31216)
Crowley & Crowley, P.C.
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel.:  (804) 205-5010
Fax: (804) 205-5001
E-mail: scrowley@crowleyandcrowley.com
*Counsel for Laura K. May*